IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIVIA BLOUNT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-10852-CRB<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION; DISMISSING CASE** |

　　　　Plaintiff Alivia Blount brought an action against Defendants Contra Costa County, the Contra Costa County Superior Court, and Judge Gina Dashman (collectively, "Defendants") seeking declaratory and injunctive relief to intercede in an ongoing state court action for custody and visitation. See Compl. (dkt. 1). Blount filed a motion for a restraining order and preliminary injunction asking this Court to compel the state court to hear and prioritize her motions, to suspend child support, to order restitution of all child support since January 2023, to consider purportedly new evidence, and also to declare that the state court's vexatious litigant designation was improper. Mot. (dkt. 5) at 4–5. Defendants argue that the case should be dismissed on abstention grounds. Opp'n at (dkt. 13). Because this action implicates an ongoing family law dispute in state court, this Court finds that abstention is appropriate. Accordingly, the Court DENIES Blount's motion and DISMISSES her claims.[1]

　　　　Blount is currently engaged in a family law dispute regarding custody and visitation

---

[1] Given that Blount's identified harm is primarily monetary, the Court resolves her motion as a preliminary injunction, rather than a temporary restraining order. Mot. at 5; Compl. ¶¶ 25–26 (alleging garnishment of wages).

in Contra Costa County Superior Court. Compl. ¶ 13. Currently, she—the out-of-state parent—has no legal and physical custody or visitation of her child, while still paying child support through garnished wages. Id. ¶¶ 14–16. Blount filed a series of motions with the state court to try to modify the arrangement. Id. ¶17. But in April 2025, the state court designated Blount a vexatious litigant and imposed a prefiling approval requirement. Id. ¶¶ 18–19. Blount subsequently petitioned the state appellate court for a writ of mandate directing the superior court to act on her motions and schedule her hearings—which was summarily denied.[2] Then in July, after Blount made numerous filings and motions, the state court stayed all "unauthorized litigation" by Blount on account of her being a vexatious litigant. State Docket (dkt. 9-3) at 16.[3] Blount alleges that the vexatious litigant designation, coupled with the stay on her unauthorized filings, has rendered her unable to restore her parental rights or challenge the garnishment of her wages. Compl. ¶ 24. She alleges she sought relief to challenge the stay and vexatious litigant designation in the California Court of Appeal and the California Supreme Court denied review on November 25, 2025. Id. ¶ 30. Blount has filed at least six appeals and was consistently denied relief due to repetitive, vague claims that were unsupported by the record, such as the incorrect assertion that the superior court was not proceeding with hearings or ruling on filings.[4] Now, Blount turns to federal court to, among other things, compel the state court to rule on her motions and to end her child support payments.

But Blount's request would cause this Court to intrude into domestic relations, an area where federal courts have consistently reasoned is subject to abstention. As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do

---

[2] The Court takes judicial notice of the dockets of the state appellate courts, available on the courts' website at www.courts.ca.gov. See Porter v. Ollison, 620 F.3d 952, 954–55 n.1. (9th Cir. 2020). The docket reflects that, in Blount's appeal (No. A173477), the panel denied Blount's writ of mandate on June 23, 2025.

[3] Blount characterizes this as a global stay for all hearings and proceedings. Compl. ¶ 21. But in the docket she provided, the state court only blocked her filings that were unapproved by the court. See State Docket at 16. Indeed, the court held a hearing on December 5, 2025. Id. at 21.

[4] In addition to case A173477, the Court takes judicial notice of the following state appellate dockets: Nos. A174312, A174118, A174079, A173838, and A172368. See Porter, 620 F.3d at 954–55 n.1.

not exceed the scope of their jurisdiction." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011); Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). The domestic relations exception "divests the federal courts of power to issue divorce, alimony and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (explaining domestic relations exception to diversity jurisdiction). Even where parties "do not seek divorce, alimony, or child custody," federal courts may still abstain in cases "involving elements of the domestic relationship." Id. at 705 (citing Burford v. Sun Oil Co., 319 U.S. 315 (1943)). Thus, abstention is appropriate where "domestic relations problems are involved tangentially to other issues determinative of the case." Csibi v. Fustos, 670 F.2d 134, 137 (9th Cir. 1982); see also Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (Federal courts must follow the "abstention doctrine under which federal courts traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child or husband and wife."). Abstention is specifically appropriate in a case which, "while raising constitutional issues, is at its core a child custody dispute." Coats, 819 F.2d at 237; see also Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986), aff'd, 484 U.S. 174 (1988) ("Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters.").

This case is not just tangentially related to child custody—it is about child custody. Blount asks this Court to not only cease her child support payments and compel restitution, but to also wade into ongoing family law proceedings in state court.[5] Compl. ¶¶ 42–58. Consequently, the Court exercises restraint and finds that abstention under the domestic relations exception is appropriate. The state court is still continuing with its proceedings—

---

[5] While the Court does not believe that abstention under Younger v. Harris, 401 U.S. 37 (1987), is fully applicable here, the comity concerns this case raises are certainly present. See Pulliam v. Allen, 466 U.S. 522, 539 (1984) (reaffirming "the need for restraint by federal courts called on to enjoin the actions of state judicial officers.").

with a hearing held just last month—and is still an available forum for Blount to address her grievances. See State Docket at 21. And after her case is concluded, she may petition the appellate courts for redress with a more fulsome record.[6]

As to Blount's request for declaratory relief invalidating the state court's vexatious litigant designation, the Court agrees with Defendants that the Rooker-Feldman doctrine applies. Opp'n at 3. The Rooker-Feldman doctrine essentially bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment," Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004); see Skinner v. Switzer, 562 U.S. 521, 532 (2011), as is the case here. And the doctrine applies to requests to "enjoin the enforcement of a state court decision deeming [a plaintiff] a vexatious litigant or a state court decision refusing to vacate [their] vexatious litigant status." Brown v. Evans, No. 20-CV-07152-JST, 2021 WL 722733, at *2 n.1 (N.D. Cal. Jan. 13, 2021).

For the foregoing reasons, the Court **DENIES** Blount's motion for a preliminary injunction and **DISMISSES** the case without prejudice to Blount reraising her concerns in state court.

Dated: January 8, 2026

CHARLES R. BREYER
United States District Judge

---

[6] Blount also filed a series of declarations and exhibits, which the Court reviewed. Dkts. 19, 20, 21, 22, 23, 24. Blount's filings seek to challenge, in large part, factual and credibility determinations made by the state court. But such concerns should be made on the record in the ongoing state proceedings.