IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIVIA BLOUNT,<br><br>        Plaintiff,<br><br>     v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA, et al.,<br><br>        Defendants. | Case No.  25-cv-10852-CRB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Plaintiff Alivia Blount brought an action against Defendants Contra Costa County, the Contra Costa County Superior Court, and Judge Gina Dashman seeking declaratory and injunctive relief to intercede in an ongoing state court action for custody and visitation. See Compl. (dkt. 1). The Court previously denied Blount's motion for a preliminary injunction and dismissed the case based on domestic relations abstention. Order (dkt. 30). Blount then moved for reconsideration, largely asserting the same arguments from her complaint.[1] Mot. (dkt. 31). Because Blount's new arguments do not change this Court's prior reasoning, the Court **DENIES** the motion.[2]

A motion for reconsideration may only be brought in three contexts: (1) there was a material difference in fact or law that was before the Court initially, (2) there are new material facts or a change in the law since the order, and (3) there was manifest failure to consider facts or arguments in the initial order. Civil L.R. 7-9(b). Construed liberally,

---

[1] Blount did not first seek leave to file her motion for reconsideration, as required by Civil Local Rule 7-9(a). In light of Blount's pro se status, the Court will adjudicate the motion.

[2] The Court presumes familiarity with the factual allegations and applicable law.

United States District Court
Northern District of California

Blount brings her motion based on new material facts and manifest failure. See Mot. at 2–3. Under both contexts, her motion fails to persuade.

### A.    Manifest Failure

Blount appears to contend that the Court did not consider the state appellate court's statement that her vexatious litigant designation did not bar her petition. See Mot. at 2. Blount argues that this "higher court mandate" clearly demonstrates that the superior court is acting in the absence of jurisdiction, "rendering the Rooker-Feldman doctrine inapplicable." Id. But Blount misinterprets the appellate court. The court was not commenting on the superior court's proceedings at all. It was merely clarifying that prefiling requirements for vexatious litigants do not apply to her appeals as a pro se defendant. See Dkt. 41-2. Consequently, the Court's Rooker-Feldman reasoning is still applicable. See Order at 4.

The availability of the state appellate courts also undercuts Blount's argument that the Court failed to consider the "'pseudo-hearing' loop of unreviewability." See Mot. at 2. Blount asserts that the lack of written orders in the superior court means there is "nothing to review" for the higher courts. Id. at 3. But as the Court previously noted, Blount's prior appeals were rejected "due to repetitive, vague claims that were unsupported by the record." Order at 2 (emphasis added). Given Blount's pro se status, it is understandable that she may face difficulties in the appellate process. The state appellate courts, nevertheless, remain a valid forum to remedy any issues Blount may have with the superior court. Cf. World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987) (availability of "state appellate remedies" is integral to federal abstention).

### B.    New Material Facts

Blount brings two new purported material facts: the superior court's refusal to docket her contempt motion and the alleged concession of over-garnishment. Mot. at 3; Notice (dkt. 47). Neither warrants reconsideration.

Blount's evidence that the superior court refused to docket her contempt motion is

2

subsequently repudiated by her own admission.  The court <u>did</u> docket the motion and then held a hearing on March 6, 2026.  <u>See</u> Dkt. 41-1 at 21–22.  Blount represents that the court refused to hear the merits based on her purported improper service and then scheduled the next hearing for December of this year.  Dkt. 44.  While the outcome may understandably be frustrating, it is contrary to Blount's basis for reconsideration.

Blount also contends that this Court should grant reconsideration and order a stay on further garnishment in light of a purported agency concession that her wages were being "double-dipped" across her income sources.  <u>See</u> Notice.  The Court **DENIES** this request.  This development does not change the Court's reasoning in its prior Order regarding abstention.  Moreover, it demonstrates that one of Blount's key grievances is in the process of being remedied—that is not irreparable harm.  Blount can—and indeed did—seek relief from the agency.  And if the superior court poses a problem, the state appellate courts remain an open avenue.

For the foregoing reasons, the Court **DENIES** Blount's motion for reconsideration.

**IT IS SO ORDERED.**

Dated: March 12, 2026

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

3